**ARCHER & GREINER**
A Professional Corporation
One Centennial Square
33 East Euclid Avenue
Haddonfield, New Jersey  08033
(856) 354-3152
Attorneys for Plaintiff
By:     FRANK D. ALLEN, ESQUIRE (fallen@archerlaw.com)
           Attorney I.D.  FA2178
           RICHARD GRUNGO, JR., ESQUIRE (rgrungo@archerlaw.com)
           Attorney I.D.  RG2611

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM I. ROZANSKI, III, as Guardian *Ad Litem* for D.D., a Minor Child,<br><br>Plaintiff,<br><br>v.<br><br>KAWASAKI MOTORS CORP., USA; KAWASAKI MOTORS ENTERPRISE (Thailand) CO., LTD.; KAWASAKI HEAVY INDUSTRIES, LTD.; and EAST COAST CYCLES and POWERSPORTS EAST and JOHN DOES I-X<br><br>Defendants. | Civil Action<br><br>Case No. 1:12-cv-07273 JBS<br><br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT and JURY DEMAND** |

Plaintiff, William I. Rozanski, III, as Guardian *Ad Litem* for D.D., a minor child, by way of Complaint against Defendants Kawasaki Motor Corp., U.S.A., Kawasaki Motors Enterprise (Thailand) Co., Ltd., Kawasaki Heavy Industries, Ltd., East Coast Cycles, Powersports East and John Does I-X, allege as follows:

## THE PARTIES

1. William I Rozanski, III, Esquire has been appointed as Guardian *Ad Litem* to represent the interests of the minor child, D.D., in this matter.

2. Douglas Duell and Heather Duell, are the parents of minor child, D.D. and residents of the State of New Jersey residing at 30 Quinton-Alloway Road, Alloway, Salem County, New Jersey.

3. Defendant, Kawasaki Motors Corp., U.S.A., Kawasaki Motors Enterprise (Thailand) Co., Ltd., and/or Kawasaki Heavy Industries, Ltd. (collectively "Kawasaki" hereinafter) are California corporations with a principal places of business at 9950 Jeronimo Road, Irvine, Orange County, California. Upon information and belief, the entities are commonly owned, alter ego corporate business entities.

4. Defendants East Coast Cycles and Powersports East have a principal place of business at 620 Pulaski Highway-Route 40, Bear in the State of Delaware. Upon information and belief, the entities are commonly owned, alter ego corporate business entities.

5. Defendant John Does I-X are fictitiously named individuals and/or entities involved in the design, manufacturing, assembly, maintenance, supply, distribution or sale of the subject Kawasaki motorcycle involved in this controversy.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. Section 1332 because the parties to this action are diverse and the amount in controversy exceeds $75,000.00.

7. This court has personal jurisdiction over the Defendants pursuant to the long arm jurisdiction statute in New Jersey. Defendants also have sufficient minimum contacts with New Jersey that maintenance of the suit does not offend traditional notions of fair play and substantial justice.

8.  Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendants are subject to personal jurisdiction in this judicial district and events giving rise to Plaintiff's claim occurred within this judicial district.

## FACTUAL ALLEGATIONS

9.  On or about November 18, 2010, Douglas and Heather Duell purchased a Kawasaki motorcycle, Model KLX 140L, Frame No. JKBLXPB17BDA09290 (hereinafter "motorcycle") from Defendant Powersports East as a Christmas present for their son, minor child D.D.

10. Upon information and belief, prior to Douglas and Heather Duell's purchase of the motorcycle, an employee and/or agent of Powersports East assembled the motorcycle, including the throttle mechanism on or about August 4, 2010.

11. Between the time of purchase on November 18, 2010 and December 25, 2010, the motorcycle was not operated and/or modified by Douglas or Heather Duell or their son, D.D.

12. On Christmas Day, December 25, 2010, minor child, D.D., operated for the first time his new Kawasaki motorcycle, Model KLX 140L, Frame No. JKBLXPB17BDA09290 at which time the throttle mechanism jammed and/or stuck and/or remained in an "open" position, causing a crash resulting in serious and permanent injuries to minor child D.D.

## COUNT I

13. Plaintiff repeats every allegation in all of the preceding paragraphs and incorporates them by reference as though fully set forth at length herein.

14. At all times mentioned in this Complaint, Defendants Kawasaki Motor Corp., USA, Kawasaki Motors Enterprise (Thailand) Co., Ltd., Kawasaki Heavy Industries, Ltd., East Coast Cycles, Powersports East and John Does I-X were engaged in the business of designing, manufacturing, assembling, marketing, maintaining, distributing and/or selling the Kawasaki

3

motorcycle previously identified in the Complaint or/are the successors in interest to the designers, manufacturers and/or sellers.

15. At some time prior to December 25, 2010, Defendants Kawasaki Motor Corp., USA, Kawasaki Motors Enterprise (Thailand) Co., Ltd., Kawasaki Heavy Industries, Ltd., East Coast Cycles, Powersports East and John Does I-X designed, manufactured, assembled, marketed, maintained, distributed, sold or otherwise placed in the stream of commerce the Kawasaki motorcycle operated by minor child D.D. on December 25, 2010, and/or are the successors in interest to the designers, manufacturers, or sellers of the product.

16. Minor child D.D was severely and permanently injured while riding the Kawasaki motorcycle on December 25, 2010.

17. At the time of the incident described in this Complaint, the Kawasaki motorcycle was being used for the purpose for which it was intended in a manner that was reasonably foreseeable by Defendants Kawasaki Motor Corp., USA, Kawasaki Motors Enterprise (Thailand) Co., Ltd., Kawasaki Heavy Industries, Ltd., East Coast Cycles, Powersports East and John Does I-X.

18. At the aforesaid time and place, the Kawasaki motorcycle failed to serve its usual and intended purpose thereby causing severe personal injury to minor child D.D.

19. The product as designed, assembled, manufactured, tested, inspected, marketed, maintained, distributed, supplied and sold was defective, unreasonably dangerous and not reasonably fit, suitable and safe for its intended and reasonably foreseeable purpose and use in that the product was:

    (a) defectively designed;

    (b) defectively manufactured;

    (c) failed to incorporate proper warnings and instructions; and/or

    (d) was otherwise defective and unreasonably dangerous, all in violation of N.J.S.A. 2A:58C-1, et seq.

  20. Upon information and belief, Defendants East Coast Cycles, Powersports East and/or John Does I-X negligently and/or intentionally modified the Kawasaki motorcycle operated by minor child D.D. on December 25, 2010.

  21. Pursuant to N.J.S.A. 2A:58C-9(d), Defendants, Kawasaki Motor Corp., USA, Kawasaki Motors Enterprise (Thailand) Co., Ltd., Kawasaki Heavy Industries, Ltd., East Coast Cycles, Powersports East and John Does I-X, as product sellers:

    (a) Exercised some significant control over the design, manufacture, assembly, packaging, or labeling of the product relative to the alleged defect in the product which caused the injury; or

    (b) Knew or should have known of the defect in the product which caused the injury and/or were in possession of facts from which a reasonable person would conclude that the product seller had or should have had knowledge of the alleged defect in the product which caused the injury; or

    (c) Created the defect in the product which caused the injury.

  22. The unreasonably dangerous conditions and defects described above existed at the time the product was manufactured by and/or sold by Defendants Kawasaki Motor Corp., USA, Kawasaki Motors Enterprise (Thailand) Co., Ltd., Kawasaki Heavy Industries, Ltd., East Coast Cycles, Powersports East and/or John Does I-X.

  23. Defendants Kawasaki Motor Corp., USA, Kawasaki Motors Enterprise (Thailand) Co., Ltd., Kawasaki Heavy Industries, Ltd., East Coast Cycles, Powersports East and/or John Does I-X negligently failed to warn and/or instruct concerning the dangerous and defective design, manufacture, assembly, testing, or maintenance, and operating characteristics of said product when it/they knew or in the exercise of due care should have known that intended users were unaware of the dangerous and defective characteristics.

24. As a direct and proximate result of the unreasonably dangerous conditions and defects described above, minor child D.D. suffered severe injuries on December 25, 2010.

25. As a direct and proximate result of the defective product manufactured, assembled and/or sold by Defendants Kawasaki Motor Corp., USA, Kawasaki Motors Enterprise (Thailand) Co., Ltd., Kawasaki Heavy Industries, Ltd., East Coast Cycles, Powersports East and John Does I-X, minor child, D.D., was caused to suffer serious and painful injuries of a permanent and disabling nature, as well as emotional upset, physical distress, and anxiety, and will be unable to attend to his usual occupation and affairs and was and will in the future be deprived of his ability to enjoy the full pleasures and quality of life. As a result of Defendants' negligent, gross, reckless, willful and wanton conduct, Plaintiff was required and in the future will be required to incur expenses for medical, therapeutic, hospital treatment and other types of care in order to treat the injuries sustained by D.D, and has received and will receive in the future gratuitous services from his family.

**WHEREFORE**, Plaintiff demands that judgment be entered in his favor and against Defendants, Kawasaki Motor Corp., USA, Kawasaki Motors Enterprise (Thailand) Co., Ltd., Kawasaki Heavy Industries, Ltd., East Coast Cycles and Powersports East and John Does I-X individually, jointly, severally for compensatory damages and punitive damages in an amount in excess of $75,000, together with attorney's fees, interest, costs of suit and any further remedies that are deemed appropriate by this Honorable Court.

## COUNT II

26. Plaintiff repeats and incorporates by reference each and every allegation set forth in the First Count as if set forth at length herein.

27. Defendants East Coast Cycles, Powersports East and/or John Does I-X negligently, grossly, recklessly, willfully and wantonly assembled, tested, or maintained the Kawasaki motorcycle operated by minor child D.D. on December 25, 2010.

28. As a direct and proximate result of the negligent, gross, reckless, willful and wanton actions described above, minor child D.D. suffered severe injuries on December 25, 2010.

29. As a direct and proximate result of the Defendants' East Coast Cycles, Powersports East and John Does I-X conduct, minor child, D.D., was caused to suffer serious and painful injuries of a permanent and disabling nature, as well as emotional upset, physical distress, and anxiety, and will be unable to attend to his usual occupation and affairs and was and will in the future be deprived of his ability to enjoy the full pleasures and quality of life. As a result of Defendants' negligent, gross, reckless, willful and wanton conduct, Plaintiff was required and in the future will be required to incur expenses for medical, therapeutic, hospital treatment and other types of care in order to treat the injuries sustained by D.D, and has received and will receive in the future gratuitous services from his family.

**WHEREFORE**, Plaintiff demands that judgment be entered in his favor and against Defendants East Coast Cycles and Powersports East and John Does I-X individually, jointly, severally for compensatory damages and punitive damages in an amount in excess of $75,000, together with attorney's fees, interest, costs of suit and any further remedies that are deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*Respectfully submitted,*

**OF COUNSEL:**

**ARCHER & GREINER, P.C.**
*A Professional Corporation*
*One Centennial Square*
*33 East Euclid Avenue*
*Haddonfield, NJ  08033*
*(856) 354-3152*
*Attorneys for Plaintiff*

**FRANK D. ALLEN, JR., ESQUIRE**
**RICHARD GRUNGO, ESQUIRE**
*Attorneys for Plaintiff*

Dated: July 30, 2014

## LOCAL CIVIL RULE 201.1(d)((3) CERTIFICATION

I hereby certify that the damages recoverable in this matter exceed the sum of $150,000.00 exclusive of interest, costs and any claim for punitive damages and request that this case not be processed or designated for compulsory arbitration.

BY: _____
RICHARD GRUNGO, JR.

Dated: July 30, 2014

10663693v3